UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ORIGINAL**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-1 JAMES HEARN,

    Defendant.

_____/

Case:2:16-cr-20212
Judge: Rosen, Gerald E.
MJ: Majzoub, Mona K.
Filed: 03-29-2016 At 09:17 AM
INFO USA V JAMES HEARN (BG)

VIOLATIONS:
18 U.S.C. § 371 (Conspiracy)
18 U.S.C. § 666 (Bribery)

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1.    Detroit Public Schools ("DPS") was a government agency operating within Wayne County, Michigan, in the Eastern District of Michigan.

2.    DPS was a government agency that received in excess of $10,000.00 under one or more federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of federal assistance in each one-year period for fiscal years 2009 through 2014.

3. Defendant JAMES HEARN was an employee and agent of DPS, a government agency, when he was employed as Principal of Marcus Garvey Academy ("Marcus Garvey") from 2005 through the present.

4. As Principal, HEARN had the primary authority for ordering school supplies for Marcus Garvey. HEARN also had the primary authority for selecting vendors from whom he would order supplies for Marcus Garvey.

5. As Principal, HEARN was responsible for certifying that Marcus Garvey received the goods listed on a vendor's invoice, and then submitting, or causing to be submitted, the invoice to DPS for payment to the vendor.

6. Sometime prior to March 2009, HEARN chose Norman Shy, doing business as Allstate Sales ("Shy"), as a vendor of school supplies for Marcus Garvey.

## COUNT ONE
(18 U.S.C. §§ 371, 666(a)(1)(B) –
Conspiracy to Commit Federal Program Bribery)

7. Paragraphs 1 through 6 of the General Allegations are hereby incorporated in this Count.

8. From in or about June 2009 through approximately June 2014, in the Eastern District of Michigan, defendant JAMES HEARN and Shy, did knowingly and willfully conspire and agree with each other for HEARN, an agent of DPS, to corruptly accept things of value, to wit: kickback payments, intending to be

influenced and rewarded in connection with a series of payments from DPS to Shy's business, which payments were valued at more than $5,000, in violation of Title 18, United States Code, Section 666(a)(1)(B).

## Manner and Means of the Conspiracy

9. The conspiracy was carried out through the following manner and means:

10. HEARN promised to and did take official action, including ordering school supplies from Shy, and certifying and submitting, and causing to be certified and submitted, fraudulent invoices to DPS for payment to Shy for goods that were not delivered, in exchange for kickback payments from Shy.

11. At times, Shy did not deliver any of the goods to Marcus Garvey that were listed on the fraudulent invoices that HEARN certified and submitted, and caused to be certified and submitted, to DPS for payment.

12. At other times, Shy delivered only a portion of the goods specified on an invoice for the purpose of making the transaction appear legitimate.

13. Shy maintained a ledger that kept track of how much money Shy owed HEARN in kickback payments as a result of the fraudulently submitted invoices.

14. HEARN regularly communicated and met with Shy to discuss how much money Shy owed him, and to request and receive kickback payments in connection with the fraudulent invoices he submitted, and caused to be submitted, to

DPS.

15. HEARN corruptly received things of value, i.e., prepaid gift cards, from Shy, which represented a portion of the payments Shy received from DPS as a result of the fraudulent invoices HEARN submitted and caused to be submitted.

16. At Shy's direction, HEARN provided Shy with written requests for gift cards on school letterhead which falsely stated that the gift cards were for school purposes, for the purpose of making the illicit payments appear legitimate.

## Overt Acts Which Furthered the Conspiracy

17. In order to further the unlawful conspiracy, one or more of the conspirators committed the following acts, among others:

18. Sometime prior to March 2009, HEARN selected Shy as a vendor to provide school supplies to Marcus Garvey.

19. Sometime prior to June 2009, Shy described to HEARN how they could fraudulently "encumber" DPS funds by certifying and submitting to DPS invoices from Shy for goods that were not delivered to Marcus Garvey.

20. Sometime prior to June 2009, Shy described that he could provide HEARN prepaid gift cards which would represent his portion of the encumbered funds Shy fraudulently received from DPS for the undelivered goods.

21. Beginning in at least June 2009 through June 2014, in exchange for kickback payments from Shy, HEARN certified and submitted, and caused to be

submitted, fraudulent invoices from Shy on behalf of Marcus Garvey which caused DPS to issue payments to Shy for goods that were never delivered.

22. On February 5, 2012, at Shy's direction, HEARN provided Shy with a letter on Marcus Garvey letterhead requesting gift cards in order to make a kickback payment from Shy appear legitimate.

23. On June 19, 2012, at Shy's direction, HEARN provided Shy with a letter on Marcus Garvey letterhead requesting gift cards in order to make a kickback payment from Shy appear legitimate.

24. On the following approximate dates, HEARN falsely certified and submitted, and caused to be certified and submitted, invoices to DPS for payment to Shy for goods that were not delivered to Marcus Garvey:

|   | Approximate Date | Invoice Number | Amount of Invoice |
|---|---|---|---|
| a. | February 7, 2014 | 848922 | $1,347.50 |
| b. | February 7, 2014 | 848924 | $1,423.75 |
| c. | May 5, 2014 | 855332 | $2,540 |
| d. | May 6, 2014 | 855356 | $2,700 |
| e. | May 6, 2014 | 857258 | $2,247.50 |

25. On the following approximate dates, HEARN accepted kickback payments in the form of prepaid gift cards from Shy:

|   | Approximate Date | Amount of Kickback |
|---|---|---|
| a. | June 10, 2009 | $5,000 |
| b. | April 5, 2010 | $3,500 |
| c. | February 5, 2012 | $2,000 |

| d. | June 19, 2012 | $1,000 |
|---|---|---|
| e. | February 6, 2014 | $3,000 |
| f. | May 7, 2014 | $1,500 |
| g. | May 20, 2014 | $2,000 |

26. From June 2009 through June 2014, HEARN accepted kickback payments from Shy totaling approximately $11,500.

All in violation of Title 18, United States Code, Sections 371 and 666.

BARBARA L. McQUADE
United States Attorney

*/s/ J. Michael Buckley/*

J. MICHAEL BUCKLEY
Assistant United States Attorney
Deputy Chief, Public Corruption Unit

*/s/ Frances Lee Carlson/*

FRANCES LEE CARLSON
Assistant United States Attorney
Public Corruption Unit
211 W. Fort St., Ste. 2001
Detroit, MI   48226
313-226-9100

Dated:   March 29, 2016

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove | Case:2:16-cr-20212<br>Judge: Rosen, Gerald E.<br>MJ: Majzoub, Mona K.<br>Filed: 03-29-2016 At 09:17 AM<br>INFO USA V JAMES HEARN (BG) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information
This matter was opened in the USAO prior to August 15, 2008   [ ]

| **Companion Case Information** | **Companion Case Number:** See attached |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** See attached |
| ☒ Yes    ☐ No | AUSA's Initials: _(signature)_ |

**Case Title:** USA v. D-1 JAMES HEARN

**County where offense occurred:** Wayne

**Check One:**    ☒ Felony        ☐ Misdemeanor        ☐ Petty

____Indictment/ ✓ Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [**Case number:**                    ]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 29, 2016
Date

_(signature: Michael Buckley)_
J. MICHAEL BUCKLEY
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9581
Fax:    313-226-3413
E-Mail address: Michael.Buckley@usdoj.gov
Attorney Bar #:  P36167

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.    04/13

| **Companion Case Information** | Companion Case Number and Judge Unknown; all cases filed simultaneously on March 29, 2016:<br><br>U.S. v. Ronald Alexander<br>U.S. v. Tanya Bowman<br>U.S. v. Josette Buendia<br>U.S. v. Beverly Campbell<br>U.S. v. Nina Graves-Hicks<br>U.S. v. Gerlma Johnson<br>U.S. v. Stanley Johnson<br>U.S. v. Tia'Von Moore-Patton<br>U.S. v. Willye Pearsall<br>U.S. v. Norman Shy and Clara Flowers<br>U.S. v. Ronnie Sims<br>U.S. v. Clara Smith |
|---|---|